UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FREDERICK H. WILLIAMS,

    Plaintiff,

        v.

LASHONDA S. ADAMS

    Defendant.

Case No. 23-cv-2646-JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 3) filed by plaintiff Frederick H. Williams:

1. **Failure to allege a federal question under 28 U.S.C. § 1331.** The Complaint references 42 U.S.C. § 1983 and mentions three local government employees, defendant LaShonda S. Adams, employed by the Cahokia High School, Cahokia Heights Chief of Police Steven L. Brown, and Cahokia Heights Police Officer Patrick Hulsey. However, it does not allege any facts showing Adams plausibly acting under color of state law or that Brown or Hulsey performed any conduct that, if true, would amount to a statutory or constitutional violation. Thus, the Complaint as currently pled does not allege any cause of action arising under the Constitution, laws or treaties of the United States.

2. **Failure to allege complete diversity.** Williams may be intending to invoke the Court's diversity jurisdiction for a state law tort against Adams. Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." *Page v. Dem. Nat'l Comm.*, 2 F.4th

630, 636 (7th Cir. 2021) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Williams has not alleged the citizenship of any party.   Of note, the citizenship of an incarcerated person like Williams "should be the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state."   *Singletary v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 9 F.3d 1236, 1238 (7th Cir. 1993).

3.   **Failure to allege the requisite amount in controversy for diversity jurisdiction.** Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.   "The plaintiff must allege that the controversy entails a dispute over more than $75,000, exclusive of interests and costs."   *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). Williams has not plausibly alleged damages exceeding $75,000.

The Court hereby **ORDERS** that Williams shall have up to and including August 25, 2023, to amend the faulty pleading to allege a sufficient basis for federal jurisdiction.   *See* 28 U.S.C. § 1653.   Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).   Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.   The Clerk of Court is direct to send Williams a blank complaint form to assist him in amending his pleading.   Williams need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: August 2, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**