UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FREDERICK H. WILLIAMS,

   Plaintiff,

       v.                                          Case No. 23-cv-2646-JPG

LASHONDA S. ADAMS, STEVEN L.
BROWN, and PATRICK HULSEY.

   Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Frederick H. Williams's supplement to the Complaint (Doc. 13) explaining in clear and simple terms the facts upon which this case is based. Williams is detained at the St. Clair County Jail. The Complaint itself fails to assert any dispute over which this Court has subject matter jurisdiction, as noted in the Court's August 2, 2023, order (Doc. 5). In that order, the Court pointed out the following deficiencies in the Complaint: it fails to allege any cause of action arising under the Constitution, laws, or treaties of the United States, it fails to allege complete diversity of the parties, and it fails to allege that more than $75,000 is in issue in this case. The Court explained these deficiencies and offered Williams a chance to replead his claims in an amended complaint. In a later order, it encouraged him to "state clearly what happened in the incident in question in a short and plain statement using short, simple sentences" in his amended complaint (Doc. 9). He has done so in his Supplement.

Unfortunately for Williams, even considering his Supplement, he had not cured the defects originally noted by the Court or otherwise established that this Court has federal

jurisdiction over his claims.   Essentially he asserts that on August 6, 2021, defendant Lashonda S. Adams drove her large SUV into the back and sides of his small Volkswagen Beetle, pushing him through a four-way intersection.   She then forced him to drive into a field, but he was able to pull into an old neighbor's driveway and get out of his car.   Adams then hit Williams with her car and left the scene.   Williams went to the police station and told defendant Cahokia Heights Police Chief Steven L. Brown about Adams's "hit and run" and that he wanted to press charges against her.   Chief Brown sent defendant Officer Patrick Hulsey to the scene to talk to witnesses and gather other evidence.   Officer Hulsey took no action because, after visiting the scene and speaking to a witness, he believed there was not enough evidence to support Williams's claims. Williams continued to call the Cahokia Heights Police Department but received no information about a prosecution of Adams.   He believes some of the paperwork the Cahokia Police Department possessed was altered.

      Williams has not alleged the citizenship of any party, so he cannot rely on diversity jurisdiction under 28 U.S.C. § 1332(a).   Nor has he stated a federal claim against any defendant conferring federal question jurisdiction under 28 U.S.C. § 1331.   Failing to investigate or prosecute a claim after a citizen makes a complaint does not amount to a constitutional violation and does not violate any federal law.   *Klinger v. City of Chi.*, No. 15-CV-1609, 2017 WL 736895, at *8 (N.D. Ill. Feb. 24, 2017) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Rossi v. City of Chi.,* 790 F.3d 729, 735 (7th Cir. 2015) (holding that the plaintiff "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction" and "mere inactivity by police does not give rise to a

constitutional claim")).

Alternatively, Williams's claims against Chief Brown and Office Hulsey are subject to dismissal under 18 U.S.C. § 1915A(b)(1) for failure to state a claim, and the Court would decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining claim in this case.

In the absence of any showing of federal subject matter jurisdiction, the Court must dismiss this case.  The Court notes that Williams may still be able to pursue a claim against Adams in state court for her alleged assault and battery.

For the foregoing reasons, the Court **DISMISSES** this case for **lack of jurisdiction** and **DIRECTS** the Clerk of Court to enter judgment accordingly.  The Court further **DENIES** Williams's motion for service of process at government expense (Doc. 10) and motions for leave to proceed *in forma pauperis* (Docs. 4 & 11) in light of the dismissal of this case for lack of jurisdiction.

The Court notes that Williams is not relieved of his obligation to pay the filing fee for this case, only their *pre*payment.  He remains obligated to pay the filing fee unless and until the Court orders otherwise.  *See* 28 U.S.C. § 1915(f)(2)(A) ("If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered.").

**IT IS SO ORDERED.**
**DATED: October 19, 2023**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**